[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
JULY 21, 2010
JOHN LEY
CLERK

No. 09-16069
Non-Argument Calendar

_____

D. C. Docket No. 09-00030-CR-5-RS

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

MARIO GONZALES,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Northern District of Florida

_____

(July 21, 2010)

Before EDMONDSON, BIRCH and MARTIN, Circuit Judges.

PER CURIAM:

Mario Gonzales appeals his 51-month sentence, imposed after he pleaded

guilty to one count of conspiracy to distribute and possess with intent to distribute cocaine, in violation of 21 U.S.C. §§ 841(b)(1)(C), 846.

Gonzales argues that the district court abused its discretion when it refused to adjust his base offense level on the grounds that his role in the conspiracy underlying his offense was minor or minimal. He contends that he did not transport or store cocaine, package cocaine for sale, or determine when and where the cocaine would be delivered. He argues that the district court erred by failing to consider his actions relative to the entire criminal scheme. For these reasons, he maintains that he was entitled to a minor or minimal participant role adjustment under United States Sentencing Guidelines § 3B1.2.[1]

---

[1] Gonzales makes passing reference to the Eighth Amendment but offers no argument and cites no authority to support the position that the imposed sentence was cruel and unusual. Thus, Gonzales has abandoned any Eighth Amendment claim. See Doe v. Moore, 410 F.3d 1337, 1349 n.10 (11th Cir. 2005).

Gonzales's brief focuses almost exclusively on the district court's decision not to afford him a minimal or minor role adjustment. However, in the introduction and conclusion to his detailed discussion of U.S.S.G. § 3B1.2, he asserts in a conclusory fashion that his sentence was also unreasonable. Because he fails to directly analyze the procedural and substantive shortcomings that purportedly made the district court's sentence unreasonable, Gonzales has waived these claims. See id. ("On appeal, we require appellants to not only state their contentions to us, but also to give 'the reasons for them, with citations to the authorities and parts of the record on which the appellant relies.'" (quoting Fed. R. App. P. 28(a)(9)(A))). Even if he has not waived this issue, the sentence is procedurally and substantively reasonable. At sentencing, the district court's reference to and discussion of the 18 U.S.C. § 3553(a) factors were sufficient to assure procedural reasonableness. See United States v. Scott, 426 F.3d 1324, 1329–30 (11th Cir. 2005). Further, the sentence fell at the middle of the Guidelines range and so we presume it to be substantively reasonable. See United States v. Talley, 431 F.3d 784, 788 (11th Cir. 2005). Gonzales has not demonstrated that the district court abused its discretion when it imposed the 51-month sentence.

A district court's determination of a defendant's role in the offense is a finding of fact that we review for clear error. United States v. Rodriguez De Varon, 175 F.3d 930, 937 (11th Cir. 1999) (en banc). The proponent of the downward adjustment must prove by a preponderance of the evidence that he is entitled to a role adjustment. Id. at 939. Because of the "[i]ntensely factual" nature of this inquiry, id. at 938, "this decision falls within the sound discretion of the trial court," id. at 945. Accordingly, "[s]o long as the basis of the trial court's decision is supported by the record and does not involve a misapplication of a rule of law, . . . it will be rare for an appellate court to conclude that the sentencing court's determination is clearly erroneous." Id. (emphasis omitted).

A district court may reduce a defendant's base offense level by four points if the defendant was a minimal participant in the offense or by two levels if the defendant was a minor participant. United States Sentencing Guidelines § 3B1.2 (Nov. 2008). In determining whether a mitigating role reduction is warranted, a district court performs a two-prong analysis, examining (1) "the defendant's role against the relevant conduct for which [he] has been held accountable," and (2) the defendant's role in comparison to the other participants. Rodriguez De Varon, 175 F.3d at 940. Under the mandatory first prong, "the district court must assess whether the defendant is a minor or minimal participant in relation to the relevant

conduct attributed to the defendant in calculating [his] base offense level." Id. at 941. The district court must consider all facts probative of the defendant's role. Id. at 943. However, a defendant is not entitled to a role adjustment unless he played a minimal or minor role in the conduct for which he has already been held accountable, not just a minimal or minor role in a larger conspiracy. Id. at 941–42, 944. As we have noted, "in many cases this method of analysis will be dispositive." Id. at 945.

Under the second prong, the district court may also assess a defendant's culpability in comparison to "other participants in the relevant conduct." Id. at 944. The district court may only consider participants who are "identifiable or discernable from the evidence" and "who were involved in the relevant conduct attributed to the defendant." Id. "The conduct of participants in any larger criminal conspiracy is irrelevant." Id. "[A] defendant is not automatically entitled to a minor role adjustment merely because [he] was somewhat less culpable than the other discernable participants." Id. Furthermore, "[t]he fact that a defendant's role may be less than that of other participants engaged in the relevant conduct may not be dispositive of [the] role in the offense, since it is possible that none are minor or minimal participants." Id. In order for the defendant to receive a minor or minimal role adjustment, "the district court must determine that the defendant

4

was less culpable than *most other participants* in [his] relevant conduct." Id.

Here, the relevant conduct attributed to Gonzales was conspiring to distribute and possess with intent to distribute between 200 and 300 grams of a mixture and substance containing cocaine. At his plea colloquy, Gonzales accepted as true the facts set out by the government, including that he purchased and then distributed cocaine to drug customers in and around Panama City, Florida. Further, Gonzales conceded at sentencing that he was accountable for the amount of cocaine calculated by the Presentence Investigation Report—212.62 grams.

The first prong of the Rodriguez De Varon analysis turns on "whether the defendant is a minor or minimal participant in relation to the relevant conduct attributed to the defendant in calculating [his] base offense level." Id. at 941. Pursuant to the Sentencing Guidelines, one who conspires to distribute or possess "[a]t least 200 G[rams] but less than 300 G[rams] of Cocaine" is attributed a base offense level of 20. U.S.S.G. § 2D1.1(c)(10). This was precisely the base offense level that the district court used to calculate Gonzales's Guidelines range. Thus, the conduct for which he was held responsible was identical to his actual conduct.

Despite this fact, Gonzales argues that the quantity of drugs that he possessed and distributed was small relative to that possessed and distributed by

other members of the conspiracy, and therefore that his role in the conspiracy was either minimal or minor. We have, however, expressly rejected application of similar logic when analyzing U.S.S.G. § 3B1.2. See Rodriguez De Varon, 175 F.3d at 941 ("[A U.S.S.G. § 3B1.2] adjustment only makes sense analytically if the defendant can establish that her role was minor as compared to the relevant conduct attributed to her. Otherwise, a defendant could argue that her relevant conduct was narrow for the purpose of calculating base offense level, but was broad for determining her role in the offense." (emphasis omitted)); id. at 944 ("Only if the defendant can establish that she played a relatively minor role in the conduct for which she has already been held accountable—not a minor role in any larger criminal conspiracy—should the district court grant a downward adjustment for minor role in the offense.").

"[W]here the relevant conduct attributed to a defendant is identical to [his] actual conduct, [he] cannot prove that [he] is entitled to a minor role adjustment simply by pointing to some broader criminal scheme in which [he] was a minor participant but for which [he] was not held accountable." Id. at 941. Gonzales admitted to possessing and distributing 212.62 grams of cocaine and his sentencing range was calculated accordingly. His sentence therefore reflected only that quantity of cocaine for which he was personally held accountable—not that

6

quantity of cocaine distributed by his co-conspirators. The district court did not clearly err when it refused to grant Gonzales an adjustment pursuant to U.S.S.G. § 3B1.2. See United States v. Alvarez-Coria, 447 F.3d 1340, 1343 (11th Cir. 2006) ("The district court did not clearly err in refusing to grant [the defendant] a minor role reduction. . . . [The defendant] was held accountable for only the drugs found in the three plastic containers that [he] admitted conspiring to transport to Atlanta.").

Given Gonzales's failure to carry his burden as to the first Rodriguez De Varon prong, we need not reach the second prong. Rodriguez De Varon, 175 F.3d at 945; United States v. Bernal-Benitez, 594 F.3d 1303, 1321 n.25 (11th Cir. 2010). Still, we observe that Gonzales has failed to demonstrate entitlement to a minimal or minor participant adjustment in light of his culpability relative to other participants in the relevant conduct. Though Gonzales claims that he was merely a "facilitator," not a drug kingpin or even a street-level dealer, he still "played an important or essential role in [his] relevant conduct," Rodriguez De Varon, 175 F.3d at 946, namely conspiring to distribute and possess with intent to distribute 200 to 299 grams of cocaine. See id. at 944 (observing that, when evaluating the second prong, "the district court may consider only those participants who were involved in the relevant conduct attributed to the defendant" and "[t]he conduct of

7

participants in any larger criminal conspiracy is irrelevant"). Accordingly, Gonzales did not bear his burden of demonstrating by a preponderance of the evidence that he "was less culpable than *most other participants* in [his] relevant conduct." Id. The district court's conclusion that Gonzales's sentence properly reflected his culpability is supported by the record and is not clearly erroneous.

For the foregoing reasons, the district court did not clearly err when it found that Gonzales did not qualify for a minimal or minor role adjustment pursuant to U.S.S.G. § 3B1.2.

**AFFIRMED.**